DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Attorneys for the Reorganized Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Julie Cvek Curley, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

METRO NEWSPAPER ADVERTISING
SERVICES, INC.,

                        Debtor.

Chapter 11
Post-Confirmation
Case No. 17-22445 (RDD)

-------------------------------------------------------------------X
METRO NEWSPAPER ADVERTISING
SERVICES, INC.,

                        Plaintiff.

        -against-

DOODAD LLC,

                        Defendant.

Adv. Pro No. 18-8206

-------------------------------------------------------------------X

## SETTLEMENT AGREEMENT

This settlement agreement (the "Agreement") by and between Metro Newspaper Advertising Services, Inc. (the "Debtor"), and doodad Printing, LLC ("Doodad" and together with the Debtor, the "Parties") sets forth the terms upon which the Parties have agreed to settle the matter described below:

## RECITALS

**WHEREAS**, on March 27, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 17-22445 (RDD) (the "Bankruptcy Case"); and

**WHEREAS**, the Debtor has continued in possession of its assets and management of its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code, with the capacity to sue and be sued as statutory trustee of its estate; and

**WHEREAS**, on or about June 26, 2017, Doodad filed a proof of claim against the Debtor in the Bankruptcy Case in the amount of $522,230.18, as a general unsecured claim (the "Proof of Claim"); and

**WHEREAS**, within ninety (90) days prior to the Petition Date (the "Preference Period"), the Debtor made transfers of its property to or for the benefit of Doodad in the total amount of $374,251.09 (the "Transfers"); and,

**WHEREAS**, the Debtor has asserted that the Alleged Transfers constitute preferences within the meaning of §547 of the Bankruptcy Code; and

**WHEREAS**, on February 23, 2018, the Debtor commenced an Adversary Proceeding against Doodad under Adversary Proceeding Number 18-08206 (rdd) pursuant to Chapter 5 of the Bankruptcy Code to recover, *inter alia*, the Transfers (the "Adversary Proceeding"); and

**WHEREAS**, Doodad has heretofore informally asserted that the Transfers are not preferences within the meaning of §547 and asserted various ordinary course and new value defenses as set forth in §547 of the Bankruptcy Code and other possible defenses, each of which has been considered by the Debtor; and

2

**WHEREAS**, in order to avoid the cost and expense of litigation and delay in the resolution of the various issues between the parties hereto, the Debtor and Doodad wish to resolve this matter pursuant to the terms and conditions set forth below:

### SETTLEMENT

**NOW THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable considerations, the receipt and sufficiency of which are hereby acknowledged, it is stipulated and agreed between the Parties, as follows:

1. The foregoing recitals are incorporated herein by reference and are made a part hereof.

2. Doodad shall deliver to DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, attorneys for the Debtor ("DDW") a check in the amount of $80,000.00 (the "Settlement Amount") and made payable to DelBello Donnellan Weingarten Wise & Wiederkehr, LLC, no later than ten (10) days after the latter of the following events: (a) the date that the order of the Court approving this Agreement becomes final and non-appealable (and is not subject to a stay at such time) and (b) receipt by Doodad of completed W-9 tax forms for DDW.

3. Upon the date that the order of the Court approving this Agreement becomes final and non-appealable (and is not subject to a stay at such time) and subject to Doodad's payment of the Settlement Amount, Doodad and its parents, affiliates, subsidiaries, agents, representatives, shareholders, partners, officers, directors, employees, professionals, successors and assigns (collectively, the "Doodad Released Parties") shall be deemed released of any and all claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities that may be made against the Doodad Released Parties by, on behalf of, or for the benefit of the Debtor, the Debtor's bankruptcy estate and any other person or entity that claims

3

or might claim through, on behalf of, or for the benefit of the Debtor or the Debtor's bankruptcy estate, including any and all causes of action of the Debtor and its estate under Chapter 5 of the Bankruptcy Code.

4. Upon the date that the order of the Court approving this Agreement becomes final and non-appealable (and is not subject to a stay at such time), Doodad and its parents, affiliates, subsidiaries, agents, representatives, shareholders, partners, officers, directors, employees, professionals, successors, and assigns shall release, acquit, and discharge the Debtor and its estate, and its retained professionals, and their respective successors and assigns, of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities arising from or relating to the Transfers, excepting both (a) the Proof of Claim and (b) the 502(h) Claim, as set forth in Paragraph 6 of this Agreement.

5. Within 14 days upon entry of a Court order approving this Agreement and receipt of the Settlement Amount, the Debtor shall dismiss the Adversary Proceeding with prejudice. The Parties acknowledge that this Agreement is a compromise of disputed claims and that neither admits, and each expressly denies, any liability on its part.

6. Doodad agrees to file its claim pursuant to Section 502(h) of the Bankruptcy Code in the amount of the Settlement Amount (the "502(h) Claim") within forty-five (45) days of the entry of an order of the Court approving this Agreement. The 502(h) Claim shall be deemed allowed as a general unsecured claim in the amount of $80,000. The Proof of Claim shall be deemed allowed as a general unsecured claim in the amount of $522,230.18. Both of the foregoing claims shall receive distributions as Unsecured Claims, as defined in the Debtor's Second Amended Chapter 11 Liquidating Plan [Doc. No. 143], filed in the Bankruptcy Case.

7. Debtor agrees that if it is later determined by the Internal Revenue Service or any other taxing body that taxes of any type should have been paid in connection with any benefit Debtor receives pursuant to this Agreement, Debtor and/or its bankruptcy estate will be solely responsible for paying such taxes.  Doodad makes no representations or warranties regarding the legal effect or tax consequences of this Agreement, or of any such filing or reporting by Doodad. Debtor further expressly acknowledges that it neither received nor relied upon any tax advice from Doodad or its representatives and attorneys.

8. Each Party represents and acknowledges that, in executing this Agreement, it does not rely and has not relied upon any representation or statement made by the other Party or any of its agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this Agreement.

9. The Parties further declare that, in making this Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel and that they have had a reasonable period of time to consider this Agreement.

10. The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all of the provisions contained in this Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

11. This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

12. This Agreement shall be binding upon and shall inure to the benefit of the Parties and their successors and assigns, including a trustee or examiner, if any, that may subsequently be appointed pursuant to Court order in the Debtor's bankruptcy case or under Chapter 7 of the Bankruptcy Code as well as all of the Debtor's creditors and any other party that claims or might claim through, on behalf of, or for the benefit of the Debtor or its bankruptcy estate.

13. All Parties shall each be responsible for their own costs and attorney's fees in connection with this matter.

14. The signatories hereto each represent and warrant that they hold and are exercising the requisite authority to bind their respective parties and/or clients.

15. This Agreement sets forth the entire understanding of the parties hereto with respect to the matters described herein. The provisions of this Agreement shall not be abridged, impaired or modified unless each of the Parties hereto shall have consented to the same in a written instrument signed by both Parties.

16. Any notice or other communication required, permitted, or desirable hereunder, shall be in writing, and shall be deemed sufficiently given if personally delivered, or if sent by facsimile transmission or by certified or registered mail, postage prepaid, return receipt requested, addressed as follows:

    To the Debtor:                            Jonathan S. Pasternak, Esq.
                                                   DelBello Donnellan Weingarten Wise & Wiederkehr, LLP
                                                     One North Lexington Avenue, 11th Floor
                                                     White Plains, New York 10601
                                                     Telephone: (914) 681-0200
                                                     Email: JPasternak@ddw-law.com

    To Doodad:                                 Michael J. Riela, Esq.
                                                     Tannenbaum Helpern Syracuse & Hirschtritt LLP
                                                     900 Third Avenue
                                                     New York, New York 10022

Telephone: (212) 508-6700<br>
Email: riela@thsh.com

17.    This Agreement may be executed in counterparts, each of which, taken together, shall be deemed one document. Facsimile signatures or signatures reproduced in a portable document file transmitted electronically shall be deemed originals for the purposes of this Agreement.

18.    This Agreement is subject to the approval of the Court. If this Agreement is not approved by the Court, or if an order approving this Agreement is reversed or vacated, then the Agreement shall be null and void and of no force or effect. In such event, each of the Parties shall be returned to its position *status quo ante*, and the Parties reserve all of their respective rights, claims, and defenses with respect to all of the matters set forth herein.

19.    This Agreement shall be governed by the laws of the State of New York and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of law principles or any other rule, regulation or principle that would result in the application of any other state's law.

20.    The Court shall retain jurisdiction over this matter in the event a dispute arises with respect to the subject matter of this Agreement.

*Remainder of Page Intentionally Left Blank.*

| | |
|---|---|
| Dated: June 7, 2018 | Dated: June 7, 2018 |
| DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERKEHR, LLP | TANNENBAUM HELPERN SYRACUSE & HIRSCHTRITT LLP |
| *Attorneys for the Debtor* | *Attorneys for doodad Printing, LLC* |
| One North Lexington Avenue, 11th Floor | 900 Third Avenue |
| White Plains, New York 10601 | New York, New York 10022 |
| (914) 681-0200 | (212) 508-6700 |
| | |
| By: */s/ Jonathan S. Pasternak* | By: */s/ Michael J. Riela* |
|     Jonathan S. Pasternak, Esq. |     Michael J. Riela |